**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

CHARLES D. MCDONALD and
SHARON L. MCDONALD,

        Debtors,
_____/

Case No. 11-CV-12507
Hon. Denise Page Hood
United States District Judge

COLLENE K. CORCORAN,
CHAPTER 7 TRUSTEE,

        Appellant,

v.

CHARLES D. MCDONALD and
SHARON L. MCDONALD,

        Appellees.
_____/

**MEMORANDUM OPINION AND ORDER**

**I.    BACKGROUND**

On June 9, 2011, Collene K. Corcoran, chapter 7 Trustee in the underlying bankruptcy matter, filed a Notice of Appeal from the Bankruptcy Court's Order granting the Debtors Charles D. McDonald and Sharon L. McDonald's ("Debtors") claim of homestead exemption in a vacant parcel of property. The Trustee and the Debtors submitted briefs on appeal. A hearing was held on the matter and supplemental briefs were filed.

The Debtors filed a chapter 7 Bankruptcy Action on July 30, 2010. They claimed as a homestead exemption, a vacant parcel of land, continuous to the parcel of land upon which their residence home is located. (Rec., Bankr. No. 10-34191, Doc. 1) The Trustee objected to the claim

of exemption. Briefs were filed by the parties and an evidentiary hearing was held on the objections. The Bankruptcy Court issued its opinion on the record on March 22, 2011 overruling the Trustee's objections. A Discharge Order of the Bankruptcy Action as entered on March 24, 2011. The Bankruptcy Court entered an Order on June 1, 2011 overruling the Trustee's objection. The Trustee timely filed the instant appeal before this Court.

The Debtors own two parcels of land with two separate tax parcel numbers. The property at 6474 Byron Road, Tax ID No. 474702-34-200-002, is approximately 2.7 acres and was purchased in 1972 with a home built on the lot. (3/22/11 Tr., p. 4) The second parcel of land, at issue in this case, is vacant and adjacent to the first lot, with a Tax ID No. 474-702-34-200-003. (*Id.*) This vacant parcel was purchased in 1995 and is approximately 2.3 acres. (*Id.*) The vacant parcel is in front of the Debtors' home and is between the Debtors' home and Byron Road. (*Id.*) Prior to the purchase of the vacant parcel in 1995, the Debtors had an easement through approximately the middle of the vacant parcel to ingress and egress their home. (*Id.*) After the Debtors acquired the vacant parcel, the easement was moved to the side of the vacant parcel and the prior easement was extinguished by operation of law. (*Id.* at 5) The Bankruptcy Court viewed photographs of the property and found that there are no natural boundaries or artificial boundaries, such as a river, a man made road, or fence, separating the two parcels. (*Id.*) "That one would look at these two lots and be very hard pressed to tell where one starts and the other ends." (*Id.*) The Debtors do not use the vacant parcel for raising crops but they cut some wood from the vacant lot for heating. (*Id.*) The Debtors feed deer and wildlife and there are various nature trails or foot paths through the vacant lot. (*Id.*) Both lots are zoned agricultural residential and the Township has designated both as homestead for tax purposes. (*Id.* at 5-6)

The Bankruptcy Court found that, although the Debtors could have avoided the problem at issue by requesting to combine the tax bill when they acquired the vacant lot, the Court's view was that it was a mere technicality which should not drive the Court's decision. (*Id.* at 9) The Court acknowledged that the lot where the residence is located is landlocked, but that the Trustee could survey the driveway and sell off the portion where the driveway is currently located to the Debtors. (*Id.* at 8) However, the Court found the Debtors' use of the vacant lot "very consistent with their home and homestead." (*Id.*) The Bankruptcy Court concluded that the lot in question is part of the Debtors' homestead, is part of the Debtors' home and its use is consistent with residential purposes. (*Id.* at 9) The Bankruptcy Court further found that the vacant lot is not used for commercial use. (*Id.* at 10)

## II.   ANALYSIS

### A.   Standard of Review

The district court has jurisdiction over appeals from final orders of the bankruptcy court in core proceedings. 28 U.S.C. §§ 157(b)(1) and 158(a)(1). A bankruptcy court's findings of fact are reviewed under a clearly erroneous standard, while its conclusions of law are reviewed *de novo*. *Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 476-77 (6th Cir. 1996); Bankr. R. 8013. Where a bankruptcy court's determination involves a mixed question of fact and law, the district court "must break it down into its constituent parts and apply the appropriate standard of review for each part." *Wesbanco Bank Barnesville v. Rafoth (In re Baker & Getty Fin. Servs., Inc.)*, 106 F.3d 1255, 1259 (6th Cir. 1997)(quoting *Investors Credit Corp. v. Batie (In re Batie)*, 995 F.2d 85, 88 (6th Cir. 1993)).

### B.   Equitable Mootness

The Debtors' alternative argument will first be addressed since they raise the issue of whether the appeal is moot. The Debtors argue that the Appeal is moot because the Trustee did not request a stay of the proceedings. The Debtors received a discharge on March 24, 2011. The Debtors claim that the Appeal must be dismissed. The Trustee does not address the mootness issue in his appeal or filed a response to the Debtor's brief.

Generally, a discharge operates as an injunction against the commencement or continuation of an action to collect or recover from or offset against property of the debtor. 11 U.S.C. § 524(a). The discharge extinguishes stays and is a permanent injunction. *In re Kowalske*, 2009 WL 1708031 (E.D. Mich. June 16, 2009) Equitable mootness occurs where the plan of reorganization is substantially consummated, and where it is no longer prudent to upset the plan of reorganization. *City of Covington v. Covington Landing Ltd., Partnership,* 71 F.3d 1221, 1225 (6th Cir. 1995). Three factors may be examined to determine whether it is prudent to upset the plan of reorganization: 1) whether a stay has been obtained; 2) whether the plan has been 'substantially consummated'; 3) whether the relief requested would affect the rights of the parties not before the court or the success of the plan. *Id.* at 1225. The failure to seek a stay is not necessarily fatal to the appellant's ability to proceed. *Id.* at 1225-26.

In this case, the Trustee did not seek a stay of the Order of Discharge issued by the Bankruptcy Court on March 24, 2011 and did not appeal the Order of Discharge within 14 days as required by Bankruptcy Rule 8002(a). However, the Bankruptcy Court did not enter its Order overruling the Trustee's objections to the claimed exemption until June 1, 2011, after the March 24, 2011 Order of Discharge was entered. The Trustee's Notice of Appeal as to the June 1, 2011 Order was timely filed on June 1, 2011.

Applying the factors noted by the Sixth Circuit in order to determine equitable mootness, this Court finds that no stay has been obtained as to the March 24, 2011 discharge. As to whether the chapter 7 plan has been "substantially consummated," neither party has addressed this factor, other than the Debtors noting that they have received a discharge. As to whether the relief requested would affect the rights of the parties not before the court or the success of the plan, the Court finds that there are no other parties not before the Court whose rights would be affected by any ruling of this Court. As to the success of the plan, again, neither party has addressed this factor. Weighing the factors, the Court finds equitable mootness need not be applied in this case. The Trustee appealed the Order timely, although it was entered after the Order of Discharge was filed. No party has indicated how any ruling on the exemption issue would affect the plan at issue.

### C.    Homestead/Principal Residence

The sole issue before the Court is whether the Debtors' claimed exemption of a vacant parcel of land adjacent to the parcel of property where the resident is located, is allowed under 11 U.S.C. § 522(d)(1). Section 522(d)(1) exempts the debtor's aggregate interest in real property that the debtor uses as a residence. 11 U.S.C. § 522(d)(1).

The Trustee argues that the vacant lot is not a homestead as defined under Michigan law because it has a separate parcel tax ID number. The Trustee further argues that under the term "incidental property" defined in the Bankruptcy Code, 11 U.S.C. § 101(27)(B), the vacant parcel is not part of the Debtors' residence. The Trustee asserts that, because the Debtors have not included the vacant parcel in their residential mortgage, have not joined the parcels under a single parcel tax ID number, have not built any structures on the parcel and that the parcel is used for recreational purposes only, the vacant parcel is not exempted. The Trustee claims that the Debtors'

failure to include the vacant parcel as part of the mortgage of the residence which was foreclosed, indicates that the Bankruptcy Court over-expanded the definition of homestead.

The Debtors argue that Michigan's definition of homestead or principal residence allows the contiguous property to be considered a homestead and as part of the principal residence exemption. Contrary to the Trustee's statements, the Debtors claim that their home was not in foreclosure. Although they were behind on their mortgage payments during the bankruptcy proceedings, the Debtors claim the lender advised them to stop payments in order to obtain a loan modification. The Debtors are now current on the mortgage. The Debtors assert that the Bankruptcy Court's specific findings establish that the vacant parcel is exempt. Property rights are generally construed pursuant to state law. *United States v. Craft,* 535 U.S. 274, 282 (2002). Michigan law defines a "homestead" in M.C.L.A. § 600.6023 as, "[a] homestead of not exceeding 40 acres of land and the dwelling house and appurtenances on that homestead, and not included in any recorded plat, city, or village, or, instead, and at the option of the owner, a quantity of land not exceeding in amount 1 lot, being within a recorded town plat, city, or village, and the dwelling house and appurtenances on that land, owned and occupied by any resident of this state, not exceeding in value $3,500.00." M.C.L.A. § 6023(h); *In re Davis,* 329 F.Supp. 1067, 1070 (E.D. Mich. 1971). Under the General Property Tax Act, "principal residence" means:

> [T]he 1 place where an owner of the property has his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return and that shall continue as a principal residence until another principal residence is established. ... Principal residence also includes all of an owner's unoccupied property classified as residential that is adjoining or contiguous to the dwelling subject to ad valorem taxes and that is owned and occupied by the owner. Beginning December 31, 2007, principal residence also includes all of an owner's unoccupied property classified as timber-cutover real property under section 34c.

M.C.L.A. § 211.7cc.

In this case, the Debtors have shown and the Bankruptcy Court has so found, that the local taxing authority granted the Debtors homestead exemption on the vacant property adjacent to the property where the Debtors' home is located. Michigan law further provides that a principal residence may include unoccupied property adjoining or contiguous to the dwelling. Nothing in the Bankruptcy Code expressly prohibits exemptions for real property that is adjoining but listed on separate tax bills. The Bankruptcy Court's factual finding that the Debtors use the vacant property adjacent to their home consistent with residential use is not clearly erroneous. The Bankruptcy Court's application of Michigan's definition of homestead or residential property also is not in error.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Trustees' Appeal is DENIED and DISMISSED; and,

IT IS FURTHER ORDERED that the Bankruptcy Court's Order is AFFIRMED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 20, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 20, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

7